Not For Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Krentz, et al.,** | |
| **Plaintiffs,** | Civil Action No. 10-927 (SRC)(MAS) |
| v. | **OPINION & ORDER** |
| **Township of Bloomfield, et al.,** | |
| **Defendants.** | |

**SHIPP, MICHAEL A., United States Magistrate Judge**

**THIS MATTER** comes before the Court by way of Plaintiffs Joseph R. Krentz, Patsy Spatola, Jr. and Chad A. Smith's (collectively, "Plaintiffs") motion to consolidate this matter for discovery purposes only with *Bloomfield Police Captain Christopher Goul v. Township of Bloomfield*, Docket Number 09-5420 ("*Goul* matter"). (Docket Entry Number ("Doc. No.") 13 ("Pls.' App.").) Defendant Township of Bloomfield ("Defendant" or "Township") opposes the motion. (Doc. No. 11 ("Def.'s Opp'n Br.").) Defendant Chief Mark Leonard ("Leonard") joins in the Township's opposition. (Doc. No. 14.)

For the reasons expressed below, Plaintiffs' motion to consolidate is denied.

**I.   Brief Summary of Facts**

Plaintiffs are employed by the Bloomfield Police Department and filed this lawsuit against Defendants the Township, the Township Council of Bloomfield, Mark Leonard, Patricia Spychala, Janice Maly, Patricia Barker and Nicholas Joanow (collectively "Defendants") for alleged employment discrimination, retaliation and violations of 42 U.S.C. §§ 1983 and 1985,

the New Jersey Civil Rights Act, the New Jersey Conscientious Employee Protection Act, as well as other federal, state and common laws. (Pls.' App. 2.) As the parties are well-versed in the underlying facts, this Court will address only those facts relevant to the motion currently pending before the Court.

Plaintiff Joseph Krentz ("Krentz"), a police officer in the Bloomfield Police Department, spoke out against the skipping of Captain Christopher Goul ("Goul"), who ranked first in the civil service promotional eligibility list, for a promotion that was ultimately awarded to Leonard, who was ranked second. (*Id.* at 4.) To support Krentz and PBA Local #32, Plaintiffs Patsy Spatola, Jr. ("Spatola") and Chad A. Smith ("Smith"), as well as Detective John Sierchio ("Sierchio"), were present at the council meeting where Krentz publicly urged the Township's Council not to promote Leonard. (*Id.*) After Leonard was promoted, Smith and Spatola were demoted, transferred, reassigned and replaced by allegedly inexperienced officers, despite favorable commendations. (*Id.* at 5.) Moreover, Smith and Spatola's pay was reduced by resolution of the Township's Council. (*Id.* at 5-6.) Similarly, Krentz was subsequently removed from the Detective Bureau and transferred to the Communications Department, despite high praise from the Essex County Prosecutor's Office. (*Id.* at 6-7.)  Likewise, Goul and Sierchio were transferred out of the Detective Bureau and reassigned to the Patrol Division and Bloomfield Middle School. (*Id.* at 7.) Plaintiffs assert that Defendants further retaliated against Plaintiffs, Goul and Sierchio in various ways. (*See generally id.* at 4-8.)

Plaintiffs argue that Smith and Spatola's complaint against the Township and Leonard, which was filed on October 23, 2009, alleges similar claims of retaliation and deprivation of civil rights, which warrants consolidation of the two actions for discovery purposes only. (*Id.* at 8.) According to Plaintiffs, consolidation will streamline the discovery process, avoid duplicative

discovery and will minimize the parties' costs, as the allegations and claims in both cases are all based on the same factual settings and similar legal positions. (*Id.* at 8-9.)

While Defendant concedes that there is some factual overlap between this matter and the *Goul* matter, the Township notes that "questions relating to the propriety of Leonard's promotion – most notably, the claim that it was tainted by a violation of the Open Public Meetings Act – are specific to Goul's lawsuit, as only Goul demands damages on account of his non-promotion to the rank of Chief." (Def.'s Opp'n Br. 1.) Similarly, Sierchio has asserted a New Jersey Law Against Discrimination claim based on alleged comments by Leonard regarding Sierchio's ancestry, which is not a part of this action. (*Id.* at 1-2.) Accordingly, Defendant asserts that consolidation is inappropriate.

## II.     Legal Standard & Analysis

Consolidation may be appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Specifically, upon such a finding, this Court may:

>   (1) join for hearing or trial any or all matters at issue in the actions;
>   (2) consolidate the actions; or
>   (3) issue any other orders to avoid unnecessary cost or delay.

*Id.* "The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In Re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (citation omitted).

Plaintiffs assert that consolidation of this matter and the *Goul* matter for discovery purposes is appropriate, because the actions involve both common parties and issues of fact and law. (Pls.' App. 14.) Specifically, Plaintiffs note that both actions pertain to Leonard's promotion, as well as "the same general civil service list and promotional time frame." (*Id.*) The parties all make similar allegations related to 42 U.S.C. §§ 1983 and 1985, civil conspiracy, New

Jersey Conscientious Employee Protection Act violations and other statutory rights violations against the Township and Leonard. (*Id.* at 14-15.) Likewise, the Township and Leonard have raised the same defenses in each action. (*Id.* at 15.) Therefore, Plaintiffs argue that the common parties and issues of both fact and law make these matters particularly suitable for consolidation. (*Id.*)

Additionally, Plaintiffs contend that the other parties will not be prejudiced or otherwise disadvantaged if the matters are consolidated, as Defendants will be required to produce the same discovery and deponents in both matters. (*Id.*) Conversely, according to Plaintiffs, consolidation will afford uniformity in all discovery, discovery disputes and rulings, and will result in all witnesses having to be deposed only once, instead of multiple times in different proceedings. (*Id.*) Finally, Plaintiffs argue that consolidation will not impede the future proceedings because, to the extent necessary, "if certain issues arise which must be handled separately to avoid confusion, separate hearings may be ordered and conducted." (*Id.* at 15-16, citing *Telly v. Greer*, 295 F.2d 18, 21 (3d Cir. 1961).) Indeed, the matters may be subsequently separated for trial purposes upon completion of all discovery. (*Id.* at 16.)

Defendant opposes Plaintiffs' motion to consolidate this matter with the *Goul* matter, based on evidentiary concerns and the fact that the *Goul* matter involves claims that are not part of the instant matter. (Def.'s Opp'n Br. 1-2.) Based on the different claims asserted against various defendants in both matters, the Township argues that at the very least, the matters would have to be tried separately to avoid undue prejudice and to permit the proper application of Federal Rules of Evidence 401, 403 and 404. (*Id.* at 2.) The Township takes the position that consolidation for discovery purposes only does not further the interests of judicial economy, since fact discovery in the *Goul* matter closed on August 2, 2010, which was later extended to

4

September 17, 2010, and discovery in this matter is ongoing. (*Id.*) Moreover, Defendant is prepared to file a summary judgment motion in the *Goul* matter as soon as the Court grants Defendant leave to file same. (*Id.*) Thus, as discovery is in its initial stages in this matter, dispositive motions in the *Goul* matter will precede the majority of the discovery that remains outstanding in the instant matter. (*Id.* at 2-3.) Therefore, Defendant asserts that denial of Plaintiff's motion to consolidate is warranted, as "neither the interests of judicial economy nor any other interests advanced by Rule 42(a) or the cases construing it would be advanced by the consolidation of these two actions." (*Id.* at 3.)

Plaintiffs respond that "[D]efendants gloss over the fact that the same exact witnesses need to be deposed on the same exact issues and that both matters arise from the same exact dispute." (Doc. No. 16 ("Pls.' Reply Br.") 2.) Plaintiffs further argue that, procedurally, the matters are not so far apart as to warrant denial of their motion. (*Id.*) At the time that this motion was filed, none of the plaintiffs from either matter had been deposed and the depositions of several Defendants remained outstanding. (*See id.* at 2-3.) Moreover, the plaintiffs in both matters "acquired and relied upon Affidavits from Mayor Raymond McCarthy, Councilman Robert Ruane, Councilman Bernard Hamilton, retired Captain Ted French, Lieutenant Michael Cofone, and Sergeant Michael Cooper when filing their Complaints, and all of these witnesses will most likely be deposed." (*Id.* at 3.)

Here, while the Court agrees that this matter and the *Goul* matter include very similar and overlapping facts and issues of law, as well as many of the same parties and witnesses, at this stage of the proceedings, the Court finds that consolidation is not warranted. At present, the majority of discovery in the *Goul* matter has been completed and, as such, there is no need for consolidation. Indeed, fact discovery in the *Goul* matter closed on September 17, 2010,

5

affirmative and responding expert reports were due October 29, 2010 and November 30, 2010 respectively and expert depositions, if any, are to be completed by January 7, 2011. (Doc. No. 36 in the *Goul* matter.) Conversely, fact discovery in this matter does not close until February 7, 2011 and depositions of expert witnesses are not required to be completed until May 9, 2011. (Doc. No. 18.) As discovery in the *Goul* matter is nearly complete and the parties have not requested any extensions, consolidation for discovery purposes is no longer necessary or appropriate and would not further the interests of judicial economy. Consolidation would only act as a delay of the *Goul* proceedings, which would be inappropriate and against the purpose and intent of consolidation. Accordingly, Plaintiffs' motion to consolidate this matter with the *Goul* matter is denied.

Recognizing, however, that the *Goul* matter and this matter involve similar and overlapping facts and issues of law, the parties shall be required to meet-and-confer to assess whether the deposition transcripts of all relevant witnesses in the *Goul* matter may be produced to Plaintiffs and whether such production will negate any need to depose same witnesses, or at least minimize the length of such depositions, in this matter. After the parties meet-and-confer, and to the extent the parties believe supplemental discovery requests and/or responses are necessary or would further the interests of judicial economy, the parties shall submit a joint status letter to this Court setting forth any relief being requested and any opposition to same. Moreover, to the extent Defendants are concerned about the confidentiality of any materials, the parties shall consider entering into a confidentiality order to resolve any such concerns.

III. **Conclusion**

For the foregoing reasons, and for other good cause shown,

IT IS on this 29th day of December, 2010, ORDERED that:

1. Plaintiffs' motion to consolidate this matter with *Bloomfield Police Captain Christopher Goul v. Township of Bloomfield*, Docket Number 09-5420, is denied.

2. In accordance with the instructions set forth in this Opinion and Order, the parties shall meet-and-confer by **January 11, 2011**.

3. A joint status letter shall be submitted to this Court by **January 18, 2011**. The letter shall summarize the outcome of the meet-and-confer and shall set forth any relief being requested, as well as any opposition to same.

4. There shall be a telephone status conference on **January 25, 2011 at 1:30 p.m.** Plaintiffs' counsel shall initiate the call to 973-645-3827.

        s/ Michael A. Shipp
        **MICHAEL A. SHIPP**
        **UNITED STATES MAGISTRATE JUDGE**